OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner LILCO instituted these proceedings seeking review of respondents’ denial of its applications for business investment exemptions pursuant to Real Property Tax Law § 485-b. That statute grants a partial business investment tax exemption for "[r]eal property constructed, altered, installed or improved * * * for the purpose of commercial, business or industrial activity” (RPTL 485-b [1]). The tax exemption applies only to "real property used primarily for the buying, selling, storing or developing goods or services, the manufacture or assembly of goods or the processing of raw materials” (see, RPTL 485-b [5]).
LILCO maintains that its transmission and distribution property (utility poles and wires, and gas mains) constitutes real property used primarily for "selling” its utility services. We conclude the transmission and distribution equipment is used primarily to carry and conduct natural gas and electricity, and is not used primarily to "sell” its services as that term is used in the statute.
The purpose of the statute is to encourage business development (see, Matter of Pyramid Co. v Tibbets, 76 NY2d 148, 150; *1031 Newsday, Inc. v Town of Huntington, 82 AD2d 245, 246, affd 55 NY2d 272; Mem of State Executive Dept, 1976 McKinney’s Session Laws of NY, at 2309-2310). The underlying concept is that communities may invest in their future by temporarily foregoing tax revenues in order to attract new commercial and industrial developments to the area, thereby broadening the communities’ tax base or employment opportunities for their citizens. LILCO contends that granting the exemption on its transmission and distribution property will further this legislative purpose by reducing rates and leaving consumers with more funds to invest in the business community, and by motivating LILCO to upgrade its transmission and distribution property, thereby making Long Island more attractive to business enterprises. However, Real Property Tax Law § 485-b was not intended to generate such indirect aid to the development of the business community. Rather, it was directed at those activities which more immediately impact upon the economic growth and labor market of the community. Improvement of utility equipment, used primarily to transport LILCO’s products, neither falls within the enumerated primary uses entitled to a tax exemption, nor furthers the legislative purpose of fostering business development.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Smith concur; Judge Hancock, Jr., taking no part.
Order affirmed, with costs, in a memorandum.