OPINION OF THE COURT
David Demarest, J.
This is a special proceeding pursuant to article 7 of the Real Property Tax Law of the State of New York, which seeks to review determinations made by the Town of Potsdam Board of Assessment Review on July 14, 1993, granting petitions brought by the Potsdam Tax Assessor which sought to correct an error in essential fact in the 1993 final assessment roll.
The four parcels which are the subject of this proceeding constitute utility transmission and distribution lines owned by the petitioner for which they had received partial property tax exemptions in prior years pursuant to Real Property Tax Law § 485-b. That statute grants a partial business investment tax exemption for real property constructed for the purpose of commercial business or industrial activity.
On June 8, 1993, the Court of Appeals issued a decision entitled Matter of Long Is. Light. Co. v Board of Assessors (81 NY2d 1029 [1993]), which held transmission and distribution property is not used primarily to "sell” a utility service as that term is used in section 485-b and therefore a utility is not entitled to the partial tax exemption.
Based upon that decision and a memorandum received from the New York State Division of Equalization and Assessment, the assessor for the Town of Potsdam prepared her petitions addressed to the Board of Assessment Review seeking a correction of the tax roll so as to remove the exemptions previously granted.
The petition filed by the assessor was based upon Real Property Tax Law § 553 which describes the procedures to be taken for the correction of final assessment rolls. Section 553 *608 (1) (f) permits an assessor to execute and transmit a petition to correct an error in essential fact appearing on a current assessment roll. Section 550 (3) (e) defines "error in essential fact” to be "an incorrect entry of a partial exemption on an assessment roll for a parcel which is not eligible for such partial exemption”.
The Board of Assessment Review met on July 14, 1993, and granted the four petitions which resulted in the removal of the exemptions and necessarily increased the amount of tax to be paid by the petitioner.
Petitioner did not file any complaint or seek any affirmative relief before the Board of Assessment Review prior to the decision of July 14th, although grievance forms were received by the assessor after the decision had already been rendered.
The respondents were notified of the rescissions by mail on or about August 12, 1993. This proceeding was commenced on September 1, 1993.
By notice of motion dated September 30, 1993, the respondents move the court for an order dismissing the petition upon the grounds that the petition and notice were not served within 30 days after the final completion and filing of the assessment roll and further that the petitioner failed to file complaints with the Board of Assessment Review on or before the date set for the hearing, July 14, 1993. Respondents allege that such a filing is required by section 524 of the Real Property Tax Law. In support of the motion the court has read and considered the affidavit of Francis P. Cappello, Esq., dated September 30, 1993, the affidavit of Effa L. Sullivan dated September 30, 1993, and the various attachments.
By notice of cross motion dated October 27, 1993, the petitioners move the court for an order granting it summary judgment annulling the action of the respondents in rescinding the partial property tax exemption.
In support of the notice of cross motion and in opposition to the respondents’ motion, the court has read and considered a memorandum of law dated October 27, 1993, and an affirmation in opposition of Mark D. Lansing, Esq., dated October 27, 1993, with attached exhibits. The court has further considered an affidavit in opposition to cross motion for judgment of Francis P. Cappello dated November 8, 1993, with exhibits and an affirmation in reply of Mark D. Lansing, Esq., dated November 11, 1993.
An assessment of real property made pursuant to section *609 553 is subject to review as provided in article 7 of the Real Property Tax Law (Real Property Tax Law § 553 [4] [c]). Such a proceeding shall be commenced within 30 days of the date of the mailing of the notice as provided in section 553 (4) (b) which directs the appropriate tax levying body to immediately mail notice of a correction to the owner of the real property affected by such correction. It is undisputed that such notice was sent by letter dated August 12, 1993, and that the proceeding was commenced on September 1, 1993, well within the 30 days and therefore the motion of the respondents for an order dismissing the petition as being untimely is hereby denied.
Respondents further contend that the petitioner was required to file a complaint as directed by section 524 of the Real Property Tax Law and that its failure to do so somehow stops it from now bringing this proceeding. Respondents rely on section 702 (2) of the Real Property Tax Law but such reliance is misplaced. While it is true that a proceeding pursuant to article 7 instituted by a taxpayer requires the filing of a complaint, the proceeding pursuant to section 553 to correct the final assessment roll is a remedy provided to an assessor and not to a taxpayer. Therefore the assessor’s petition provides the basis for the actions of the Board of Assessment Review and section 553 contains no requirement that an aggrieved taxpayer file any responsive pleadings or "complaint”. The taxpayer is required to be given notice of the petition and of the time and place of the meeting of the appropriate board of assessment review and certainly had the right to attend that hearing and oppose the relief requested. There is no affirmative duty on the part of the taxpayer to do so. It is, therefore, the decision of this court that the motion of the respondents to dismiss the petition for failure to file a complaint be, in all respects, denied.
Petitioner in its cross motion alleges that there are no questions of fact and that this court can grant it summary judgment. The basis for petitioner’s motion is its allegation that the respondents lack authority to rescind the exemption.
The court concurs that there are no questions of fact to be decided and that summary judgment is appropriate.
Petitioner correctly asserts that an assessor loses jurisdiction to make any changes to an assessment roll once a tentative assessment roll has been filed. (Matter of Niagara Mohawk Power Corp. v Town of Onondaga, 63 NY2d 786 *610 [1984].) This statement is correct unless the assessor and his administrative review body have actual statutory authority to correct a final assessment roll. It is the contention of the respondents that section 553 of the Real Property Tax Law provides that statutory authority, that the procedures were correctly followed and therefore respondents should be granted summary judgment.
Section 553 (4) (a) of the Real Property Tax Law provides that upon receipt of a verified statement of changes made by a board of assessment review the appropriate tax levying body can reduce the assessment when there has been an error in essential fact as defined in paragraph (a), (b), or (c) of section 550 (3) or place a parcel on the tax roll that has been omitted where there has been an error in essential fact as defined in paragraph (d) of section 550 (3).
Petitioner claims that the failure of section 553 (4) to authorize a correction to the final assessment roll by a taxing authority when that error in essential fact is one as defined in Real Property Tax Law § 550 (3) (e) means that the appropriate tax levying body has no statutory authority to physically correct the final assessment roll, even though the Board of Assessment Review may have granted the assessor’s petition to do so. Section 550 (3) (e) which describes an error in essential fact as to a partial exemption was added by Laws of 1988 (ch 160) and was effective January 1, 1989. Section 553 (4) (a) (2) and (4) were added by Laws of 1986 (ch 317) and were effective January 1, 1987. The Legislature neglected to amend section 553 (4) after adding the additional definition of "error in essential fact” in 1989. To follow the logic of the petitioner’s argument would be to conclude that the Legislature intended to broaden the definition of "error in essential fact”, but having broadened that definition, provided no corresponding means to effectuate its provisions and, therefore, despite a finding by a board of assessment review of an error in essential fact, as specifically defined by the Legislature, since the new definition is not referenced in the procedural statute, that is, section 553, it is impossible to ever implement the review board’s determination.
"A court should not impute to the legislature an intent to enact an ineffective statute, and should avoid a construction which would render a statute ineffective or purposeless. If a statute is fairly susceptible of two constructions, one of which will give effect to the act, while the other will defeat it, the *611 former construction is preferred.” (97 NY Jur 2d, Statutes, § 180, at 139 [citations omitted].)
It is found that the failure to reference paragraph (e) of section 550 (3) of the Real Property Tax Law in section 553 (4) (a) of that title does not deprive the tax levying body of the power to implement a determination of a board of assessment review.
In the case at bar, the assessor of the Town of Potsdam had specific authority pursuant to section 553 of the Real Property Tax Law to submit a petition to the Board of Assessment Review to correct an error in essential fact appearing on the current assessment roll. The statutory procedures contained in section 553 were properly followed, petitioner was given adequate notice and an opportunity to appear at the hearing held and the Board of Assessment Review had specific statutory authority to rescind the partial property tax exemptions previously granted to the petitioner.
It is, therefore, the decision of this court, and it is hereby
Ordered that the respondents shall have summary judgment dismissing the petition.