OPINION OF THE COURT
David Demarest, J.
Petitioner, by notice of motion dated March 18, 1994, moves for renewal and/or reargument of a previous order of this court which dismissed its petition. In essence, petitioner seeks to challenge the respondents’ rescission of a previously granted partial property tax exemption on alternate theories that: (1) the respondent lacked statutory authority to rescind the exemption, or (2) assuming, arguendo, the court disagrees with petitioner and finds respondents had the statutory authority to so rescind, petitioner was, in any event, entitled to the partial property tax exemption.
As respondents do not oppose petitioner’s motion to renew/ reargue, leave is hereby granted.
The facts of this case having been laid out extensively in the previous decision and order of the court (160 Mise 2d 606 [1994]), the court will not reiterate them. Suffice it to say the petitioner requests reargument and/or renewal of the motion on the basis that the court’s previous decision and order, finding the respondents had statutory authority to rescind petitioner’s previously granted RPTL 485-b partial property tax exemption, was in error. Specifically, petitioner alleges that the previous decision and order was the product of impermissible judicial legislation. Further, since the parties did not factually or legally address petitioner’s eligibility for a section 485-b partial exemption, petitioner now submits the affidavit of Lewis Gammon in support thereof.
Preliminarily the petitioner takes exception to the court’s previous decision and order wherein it held that: "Petitioner claims that the failure of section 553 (4) to authorize a correction to the final assessment roll by a taxing authority when that error in essential fact is one as defined in Real Property Tax Law § 550 (3) (e) means that the appropriate tax levying body has no statutory authority to physically correct *390 the final assessment roll, even though the Board of Assessment Review may have granted the assessor’s petition to do so. Section 550 (3) (e) which describes an error in essential fact as to a partial exemption was added by Laws of 1988 (ch 160) and were effective January 1, 1989. Section 553 (4) (a) (2) and (4) were added by Laws of 1986 (ch 317) and were effective January 1, 1987. The Legislature neglected to amend section 553 (4) after adding the additional definition of 'error in essential fact’ in 1989. To follow the logic of the petitioner’s argument would be to conclude that the Legislature intended to broaden the definition of 'error in essential fact’, but having broadened that definition, provided no corresponding means to effectuate its provisions and, therefore, despite a finding by a board of assessment review of an error in essential fact, as specifically defined by the Legislature, since the new definition is not referenced in the procedural statute, that is, section 553, it is impossible to ever implement the review board’s determination.” (160 Misc 2d 606, 610 [emphasis added].) Petitioner cites a multitude of cases for the proposition that courts are to avoid legislating and usurping legislative functions, and that a statute should be read and effected as written, notwithstanding any perceived complications, anomalies or problems which may arise in its literal application. In general, this court concurs.
In an attempt to persuade the court that its determination of statutory authority was in error, petitioner argues that the court’s attention was unnecessarily focused on RPTL 553 (4) and argues that section 553 is not the only section applying the definition of "error in essential fact.” In fact, three other sections, i.e., RPTL 552 — corrections to tentative assessment rolls, section 554 — corrections to tax rolls, section 556 — refunds of taxes, utilize RPTL 550 (3) (e)’s definition of "error in essential fact.” While this may be true, these sections merely make a blanket reference to all "errors in essential fact” (however, RPTL 554 and 556 specifically except RPTL 550 [3] [d] from the definition) as opposed to specifically referencing any, or all, of the six (RPTL 550 [3] [a]-[f]) enumerated meanings of "error in essential fact.”
Thus, the court’s previous reasoning is inescapable. Simply put, the Legislature has provided for the correction of tentative assessment rolls, correction of tax rolls, and a method to correct a final assessment roll with respect to "an error in essential fact appearing on the current assessment roll” (see, RPTL 553 [1] [f]). If this court were to recognize its failure to *391 accept the petitioner’s argument, the section would be rendered meaningless. The court fails to see how its original interpretation and construction of RPTL 553 is considered "judicial legislation.” Courts are often called upon to decipher the applicability, construction and effect of a particular statute. Although, concededly, this construction was not as conspicuous as others before it, the court was not foreclosed from the task at hand, i.e., effectuating the meaning of RPTL 553 (4) so as to flow logically to its obvious end.
Furthermore, the court finds petitioner’s assertions characterizing the omissions as "intentional” and based on the Legislature’s desire to apply corrections of "errors in essential fact” only to instances where assessments would be decreased without merit. For example, RPTL 553 (4) (a) (4) addresses a situation of "error in essential fact” defined in RPTL 550 (3) (d) which would presumably have the effect of increasing the assessment.
The court having, again, determined the respondents possessed authority to rescind the partial property tax exemptions, now addresses petitioner’s newly asserted position that it was eligible for and should have been granted, the RPTL 485-b partial property tax exemption. Petitioner sets forth the affidavit of Mr. Lewis E. Gammon wherein he explains that petitioner is a manufacturer of a product, i.e., electricity, and that the manufacturing process involves product generation and transportation to a designated point where the characteristic of electricity is changed in order to deliver it to the customer site. The subject property involves transmission lines and is not used to directly facilitate the distribution of the product electricity. Petitioner points out that this is a major distinction since Matter of Long Is. Light. Co. v Board of Assessors (81 NY2d 1029 [1993] [LILCO]) involved the distribution of a product, i.e., natural gas and electricity, directly to the consumer site via utility poles, wires and mains which were used to transmit the sold product at vastly reduced voltage and pressure, enabling the consumer to use it in the form it was being transported. LILCO held that transmission and distribution property is not used to primarily "sell” a utility service as that term is used in section 485-b and therefore a utility is not entitled to the partial tax exemption.
Accordingly, petitioner argues that the Court’s rationale in LILCO (supra) is inapplicable since petitioner’s product is unsalable in the form it is being transported, and that the exemption in LILCO was for "selling” a service as opposed to *392 the exemption petitioner seeks as a "manufacturer.” Petitioner goes to great lengths to educate the court as to the manufacturing process of electricity, but apparently fails to recognize the obvious. RPTL 485-b (5) provides for a partial exemption to "apply to real property used primarily for the buying, selling, storing or developing goods or services, the manufacture or assembly of goods or the processing of raw materials. ” (Emphasis added.) Petitioner fails to set forth the basis upon which it claims electricity is a "good” or involves the "processing of raw materials. ” Electricity is a utility and is provided to the public as a service. Exemption statutes are to be strictly read and construed. Petitioner, having not presented this court with any evidence, or even averred, that electricity is a "good” or involves "processing of raw materials” has failed to demonstrate its entitlement to such an exemption.
In any event, assuming electricity is either a "good” or "processed from raw materials”, the court is satisfied that petitioner has failed to establish, and the record is barren of any facts which demonstrate, any direct benefit from the completed high voltage transmission lines. Taking petitioner’s arguments at face value, the manufacturing process occurs in the lines which pass overhead and does not require persons regularly employed within the town to be involved in the manufacturing process. Further, although LILCO (supra) is inapplicable to the extent that two different exemptions are sought pursuant to RPTL 485-b, the Court’s rationale as to whether the petitioner’s transmission line has a direct impact upon economic growth is applicable.
The Court of Appeals in LILCO stated that "[t]he purpose of the statute is to encourage business development * * * Real Property Tax Law § 485-b was not intended to generate such indirect aid to the development of the business community. Rather, it was directed at those activities which more immediately impact upon the economic growth and labor market of the community. Improvement of utility equipment * * * [does not further] the legislative purpose of fostering business development.” (Matter of Long Is. Light. Co. v County of Nassau, supra, at 1030-1031 [citations omitted].) Thus, petitioner’s reliance on the facts that local persons are employed, and local businesses are used to purchase supplies, during periods of improvement/alteration of the substation is misplaced. The Court of Appeals has held that these types of activity (im *393 provement of utility equipment) does not further the legislative purpose of fostering business development.
On renewal and reargument, the court adheres to its prior decision which dismissed the petition based on respondents’ statutory authority to rescind the partial tax exemption as well as the court’s instant decision as to the inapplicability of the partial tax exemption to the case at hand.