■ In the Matter of IROQUOIS GAS TRANSMISSION SYSTEM, Appellant, v TOWN OF ATHENS ASSESSOR et al., Respondents. (And Two Other Related Proceedings.) [627 NYS2d 150] —Casey, J. Appeals from two judgments of the Supreme Court (Cobb, J.), entered January 12, 1994 in Greene County, and an order and judgment of said court (Connor, J.), entered January 27, 1994 in Greene County, which dismissed petitioner's applications, in three proceedings pursuant to RPTL article 7, to declare a partial tax exemption on petitioner's gas transmission lines.

At issue on this appeal is whether petitioner's real property, which consists of a gas transmission system used to transport natural gas from Canada throughout the Northeast, is entitled to the partial tax exemption established by RPTL 485-b. In *Matter of Long Is. Light. Co. v Board of Assessors* (81 NY2d 1029, 1030) (hereinafter *LILCO),* the Court of Appeals held that a utility's "transmission and distribution equipment is used primarily to carry and conduct natural gas and electricity, and is not used primarily to 'sell' its services as that term is used in [RPTL 485-b (5)]". Petitioner argues that the holding in *LILCO* is inapplicable to this case because petitioner is not a utility company and does not own the gas which is transmitted by its system. We reject petitioner's argument.

Whether the owner of the transmission system is a utility that owns the gas transmitted by the system is irrelevant for the purpose of RPTL 485-b because the exemption relates to the use of the land *(see, Matter of Sitterly Rd. Assocs. v Board*

*of Assessment Review,* 142 AD2d 243, 246), not the nature or character of the owner. Petitioner's transmission system is used primarily to carry and conduct natural gas, which is the identical use of the real property in the *LILCO* case. We see no rational basis for the disparate treatment which would arise if the applicability of the RPTL 485-b exemption depended upon the nature or character of the owner of the transmission system and who owned the gas transmitted by the system.

Petitioner also seeks to distinguish the *LILCO* case on the theory that the real property at issue in that case consisted of utility poles, wires and mains used to distribute the product directly to consumer sites, whereas petitioner uses its property for "the gross and voluminous transport of another's product". We conclude that this distinction is also irrelevant. Regardless of whether the property is part of a system used to distribute gas directly to consumers or for the "gross and voluminous transport" of gas, the primary use of the property is to carry and conduct natural gas, which, according to the *LILCO* case (81 NY2d 1029, 1030, *supra),* is not a use that qualifies for the RPTL 485-b exemption. Petitioner's remaining arguments, for the most part, constitute a thinly veiled attack on the soundness of the rationale of the holding in the *LILCO* case, which must be addressed to the Court of Appeals. Until the Court of Appeals overrules or restricts the scope of its holding in *LILCO,* we agree with Supreme Court that the *LILCO* case is dispositive of the issue of whether petitioner's gas transmission system is entitled to the RPTL 485-b partial exemption.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgments and order are affirmed, without costs.