■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Respondent, v TOWN OF WATERTOWN BOARD OF ASSESSORS et al., Appellants. (Appeal No. 1.) [629 NYS2d 578] —Judgment unanimously affirmed without costs. Memorandum: A municipality has the authority to rescind the business investment tax exemption previously granted to a property owner pursuant to Real Property Tax Law § 485-b *(Matter of Niagara Mohawk Power Corp. v Town of Clay Bd. of Assessors,* 208 AD2d 170). Real Property Tax Law § 553 sets forth the procedural steps that the assessors must follow when seeking to rescind the exemption after the filing of the final assessment roll and before issuance of the tax warrant. In the case of the Town of Watertown respondents, the Board of Assessment Review failed to conduct the required hearing at least 20 days prior "to the date on which the tax levying body issue[d] the warrant for the collection of taxes" (Real Property Tax Law § 553 [3] [a]). The Town of Watertown Board of Assessment Review conducted its hearing on November 30, 1993, less than 20 days before Jefferson County authorized issuance of the tax warrant on December 14, 1993. Thus, we affirm those judgments granting the petitions commenced against the Town of Watertown respondents.

The Town of Lyme respondents, however, complied with the

procedural steps set forth in Real Property Tax Law § 553, and Supreme Court erroneously concluded that the substation owned by Niagara Mohawk qualified for the tax exemption. According to Niagara Mohawk, the primary purpose of the substation is to increase the voltage of electricity received from high voltage transmission lines to enable further transmission on high voltage lines to the next designated point. The substation is not used to manufacture or produce electricity *(see, Matter of Niagara Mohawk Power Corp. v Wanamaker,* 286 App Div 446, 451, *affd* 2 NY2d 764). Instead, it is used to transmit or transport electricity, neither of which is one of the enumerated primary uses entitled to an exemption under Real Property Tax Law § 485-b *(see, Matter of Long Is. Light. Co. v Board of Assessors,* 81 NY2d 1029, 1031). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.