■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF POTSDAM BOARD OF ASSESSORS et al., Respondents. (Proceeding No. 1.) In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF PIERREPONT BOARD OF ASSESSORS et al., Respondents. (Proceeding No. 2.) In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF GOUVERNEUR BOARD OF ASSESSORS et al., Respondents. (Proceeding No. 3.) [628 NYS2d 838] —Casey, J. Appeals (1) from three judgments of the Supreme Court (Demarest, J.), entered February 23, 1994, March 1, 1994 and September 21, 1994 in St. Lawrence County, which dismissed petitioner's applications, in three proceedings pursuant to RPTL article 7 and/or CPLR article 78, to review determinations of respondents which rescinded previously granted partial property tax exemptions, and (2) from two orders of said court, entered September 14, 1994 and September 21, 1994 in St. Lawrence County, which, upon reconsideration, adhered to its prior decisions in proceeding Nos. 1 and 2.

In each of these proceedings, petitioner is a public utility

company which owns real property improved by a high-voltage transmission line. Respondents initially granted petitioner partial real property tax exemptions pursuant to RPTL 485-b for petitioner's property located within their respective tax jurisdictions. After the Court of Appeals held that real property improved by electrical and gas transmission and distribution equipment is not eligible for the RPTL 485-b partial exemption (*see, Matter of Long Is. Light. Co. v Board of Assessors*, 81 NY2d 1029), respondents sought to correct the relevant final assessment rolls pursuant to RPTL article 5 by rescinding petitioner's partial exemptions based upon an error in essential fact. At issue in each proceeding is whether the tax levying body had statutory authority to correct the final assessment rolls and thereby rescind the partial exemptions previously granted to petitioner.

The Fourth Department recently considered this issue in *Matter of Niagara Mohawk Power Corp. v Town of Clay* (208 AD2d 170) and concluded that the tax levying body possesses the authority to make the correction. We agree with the Court's reasoning and conclusion and see no need to write further on the issue. We reject petitioner's remaining argument that its property is eligible for the partial exemption because the property is improved by high-voltage transmission lines and substations which transport electricity over long distances, rather than the type of distribution equipment at issue in *Matter of Long Is. Light. Co. v Board of Assessors (supra; see, Matter of Iroquois Gas Transmission Sys. v Town of Athens Assessor*, 215 AD2d 952).

Mercure, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgments and orders are affirmed, without costs. [*See,* 160 Misc 2d 606; 162 Misc 2d 388.]