■ In the Matter of IROQUOIS GAS TRANSMISSION SYSTEM, Appellant, v TOWN OF LIVINGSTON BOARD OF ASSESSORS et al., Respondents. [639 NYS2d 148] —Casey, J.

The final assessment roll filed on or about July 1, 1993 reflected partial real property tax exemptions granted by respondents pursuant to RPTL 485-b for three parcels of real property owned by petitioner and located in the Town of Livingston, Columbia County. Acting pursuant to RPTL article 5, respondents sought to correct the final assessment roll based upon an " 'Error in essential fact' " (RPTL 550 [3] [e]) in that petitioner's parcels were not eligible for the partial tax exemptions. After a hearing held in October 1993, respondents rescinded the exemptions. Petitioner thereafter commenced this proceeding pursuant to RPTL article 7 to review respondents' determination. Supreme Court dismissed the petition, resulting in this appeal by petitioner.

Supreme Court correctly concluded that respondents had the authority to rescind the previously granted RPTL 485-b business investment partial tax exemption (see, Matter of Niagara Mohawk Power Corp. v Town of Potsdam Bd. of Assessors, 216 AD2d 775). It is also clear that petitioner is not entitled to the exemption (see, Matter of Iroquois Gas Transmission Sys. v Town of Athens Assessor, 215 AD2d 952, lv denied 87 NY2d 801). The only remaining issue for discussion concerns petitioner's claim that respondents failed to conduct the hearing within the 90-day period required by RPTL 553 (3) (a).

The relevant statutory time period is "at least fifteen days subsequent to the filing of the final assessment roll and not more than ninety days but not later than twenty days prior to the date on which the tax levying body issues the warrant for

the collection of taxes" (RPTL 553 [3] [a]). According to petitioner, the hearing had to be held within 90 days of the filing of the final assessment roll. We agree with respondents that both the 90-day and 20-day periods contained in the statute are measured from the same date, which is the date on which the tax levying body issues the warrant for the collection of taxes (*see, Matter of Niagara Mohawk Power Corp. v Town of Watertown Bd. of Assessors,* 216 AD2d 885). The filing date of the final assessment roll is relevant only in triggering the 15-day period referred to in the statute. Prior to 1988, the statutory time period was "at least fifteen days subsequent to the filing of the final assessment roll and not more than ninety days prior to the date on which the tax levying body issues the warrant for the collection of taxes" (L 1975, ch 124, § 6 [a]). The 1988 amendment merely added the phrase "but not later than twenty days" after the words "ninety days" (L 1988, ch 160, § 10 [a]). There is nothing in the legislative history to suggest the dramatic change implicit in petitioner's argument. The decision in *Matter of Niagara Mohawk Power Corp. v Town of Lyme Bd. of Assessors* (Sup Ct, Jefferson County, Mar. 17, 1994, Gilbert, J.), upon which petitioner relies, was reversed by the Fourth Department (216 AD2d 886, *lv denied* 87 NY2d 802).

Supreme Court's judgment dismissing the petition should be affirmed.

Cardona, P. J., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.