■ CLAIRE L. JAROFF, Appellant, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF OSSINING et al., Respondents. — Appeal from an order of the Supreme Court, Westchester County (Burchell, J.), dated May 22, 1981, which dismissed the complaint and petition as against all defendants and respondents and denied appellant's motion for *pendente lite* relief. Order modified by reinstating the complaint with regard to defendants Peoples Westchester Savings Bank, Security Title and Guaranty Company, W. A. Slater, P.E. & L.S., Surveyor, Cole, Layer Trumble Co., Appraiser, Birchbrook Realty Corp., and Birch Lane Homes, Inc. As so modified, order affirmed, without costs or disbursements. We concur with the holding of Special Term that appellant's remedies as against the municipal respondents are limited to those provided by the applicable provisions of the Real Property Tax Law, to wit, section 556-a and article 7. The gravamen of appellant's claim against the municipal respondents is that an incorrect entry of acreage on the taxable portion of the assessment roll or tax roll was considered by the assessor in the valuation of appellant's property, which resulted in an incorrect assessed valuation and excessive taxes for a number of years. An incorrect entry of acreage on the taxable portion of the assessment roll or the tax roll is an "error in essential fact" (Real Property Tax Law, § 550, subd 3, par [c]) and may be corrected pursuant to the procedures set forth in section 556-a of the Real Property Tax Law. We note that under section 556-a, the taxpayer is entitled to a refund for incorrect taxes that have been paid due to an error in the entry of acreage for only the previous year. Additionally, appellant could have sought review of her assessment upon notice of the tentative completion of the assessment roll by filing a complaint on grievance day (see Real Property Tax Law, § 512). Furthermore, she could have sought review, pursuant to section 700, by commencing a proceeding within 30 days after notice was given of the completion and filing of the assessment roll (see Real Property Tax Law, § 702, subd 2). Appellant did not comply with any of the provisions prescribed by the aforesaid sections. To allow appellant to receive a tax refund dating back to the year 1967 would, in effect, eliminate the time limitations in the Real Property Tax Law and would ignore prior holdings of the court that, absent a claim that the tax assessor lacked jurisdiction over the subject property, the sole remedy of a taxpayer is a proceeding to review an assessment of real property in accordance with article 7 of the Real Property Tax Law (*Somarelli v Port Jervis Cent. School Dist.,* 71 AD2d 992; *Cablevision Systems Dev. Co. v Board of Assessors of County of Nassau,* 69 AD2d 828, affd 49 NY2d 866). Since

appellant did not bring her proceeding in compliance with article 7 or section 556-a of the Real Property Tax Law, the petition was correctly dismissed, along with the complaint as against the municipal respondents. We note that the complaint, as against the rear property homeowners, patently does not state a justiciable cause of action and, accordingly, their motion to dismiss the complaint is granted. However, with the exception of the municipal respondents and the rear property homeowners, none of the other named defendants joined in the motion to dismiss the complaint. Accordingly, it was error to dismiss the complaint with respect to those parties. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.