■ SEMON TRUST/LORD & TAYLOR, Respondent, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants.—In a purported proceeding to correct a tax assessment, the appeal is from an order of the Supreme Court, Nassau County (McGinity, J.), entered September 20, 1988, which granted the petitioner's motion for "partial summary judgment", directed the appellants to "change the assessment records" and refund overpayments, and denied the appellants' cross motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the petitioner's motion is denied, and the appellants' motion is granted.

Although no formal petition *(cf.,* RPTL 706; CPLR 7804 [d]) supports the application which the Supreme Court granted, it otherwise appears that the petitioner is the owner of real property located in Nassau County improved with one building, that the total tax assessment for the property in 1982 was $11,490 and that, because of an equalization increase, the assessment rose in 1983 to $97,500. It also appears that the Assessor did not determine a transition assessment as required by RPTL 1805 (3) and that the petitioner did nothing to protest that claimed failure until 1987 when, without commencement of a proceeding or action *(see, e.g., Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893), it made what it denominated a motion for partial summary judgment.

Ruling that the error of which the petitioner complained was a mistake which was subject to change through the

correction of errors procedures outlined in RPTL 550 *et seq.,* the Supreme Court denied the appellants' cross motion to dismiss the proceeding and directed them to change the assessment "to reflect the correct assessment". The Supreme Court, however, should not have entertained the application *(cf.,* CPLR 103 [c]). Apart from the other defects and deficiencies to which the appellants pointed on their cross motion to dismiss *(cf.,* RPTL 702, 704; CPLR art 78), the petitioner's failure to timely interpose an appropriate administrative complaint precludes judicial review *(cf.,* RPTL 706; *see also,* RPTL 554).* Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.