■ In the Matter of CATHEDRAL FOURTH DEVELOPMENT CORP., Respondent, v BOARD OF ASSESSORS AND THE ASSESSMENT REVIEW

COMMISSION OF COUNTY OF NASSAU et al., Appellants, et al., Respondent. [811 NYS2d 728]—

In a proceeding, inter alia, pursuant to CPLR article 78, in effect, to vacate real property tax assessments for tax years 2001/2002 and 2002/2003, the appeal, by permission, as limited by the brief, is from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered December 22, 2003, as granted the petitioner's motion for summary judgment with respect to the 2002/2003 tax year to the extent of vacating the assessment for that tax year.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment with respect to the 2002/2003 tax year is denied, and, upon searching the record, summary judgment is awarded to the appellant, the petition is denied, and the proceeding is dismissed.

In the CPLR article 78 proceeding that is the subject of this appeal, the petitioner's only claims are that the 2001/2002 tax assessment is excessive for various reasons and that the 2002/2003 tax assessment is likewise excessive because the structure on the property had been substantially demolished by the tax status date.

The Supreme Court erroneously reached these claims, which were not actually asserted in the petition. The proper method for challenging excessive real property tax assessments is by a proceeding pursuant to Real Property Tax Law article 7 (see RPTL 706; Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 205 [1991]; NYCTL 1996-1 Trust v Westmoreland Assoc., 2 AD3d 811, 812 [2003]). A CPLR article 78 proceeding is not available to review a complaint of overvaluation (see Matter of Giordano v City of N.Y. Dept. of Fin., 253 AD2d 432 [1998]; Matter of G.A.D. Holding Co. v City of N.Y. Dept. of Fin., Real Prop. Assessment Bur., 192 AD2d 441, 442 [1993]), and this proceeding is not capable of conversion to a RPTL article 7 proceeding pursuant to CPLR 103 (c) because, among other problems, it was not commenced within the time specified for commencing a proceeding pursuant to RPTL article 7 (see RPTL 702; Matter of G.A.D. Holding Co. v City of New York Dept. of Fin., Real Prop. Assessment Bur., supra; cf. EMP of Cadillac, LLC v Assessor of Vil. of Spring Val., 15 AD3d 336 [2005]; Matter of Krugman v Board of Assessors of Vil. of Atl. Beach, 141 AD2d 175, 179-180 [1988]).

Neither do the petitioner's theories fit the exception for an il-

legally imposed assessment that may be reviewed in a CPLR article 78 proceeding (see Matter of 22 Park Place Coop. v Board of Assessors of County of Nassau, 102 AD2d 893 [1984]). All of the errors asserted by the petitioner, including its argument raised for the first time on appeal that the appellants were required under RPTL 520 (2) to conduct a new assessment when the petitioner acquired title to exempt real property, were subject to change through the correction of errors procedures set forth in RPTL 550 et seq. (see RPTL 554 [2]; Semon Trust/ Lord & Taylor v Board of Assessors of County of Nassau, 160 AD2d 991 [1990]; Rochdale Vil. v Finance Adm'r of City of N.Y., 159 AD2d 494, 496-497 [1990]; Jaroff v Board of Assessment Review of Town of Ossining, 89 AD2d 617 [1982]). The petitioner failed to avail itself of these administrative remedies.

Accordingly, the Supreme Court erred in entertaining the petitioner's various challenges to the excessiveness of the assessments and in granting the petitioner's motion for summary judgment with respect to the 2002/2003 tax year to the extent of vacating the assessment for that tax year. We reverse this disposition and, upon searching the record (see CPLR 3212 [b]), award summary judgment to the appellant denying the petition. H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.