■ In the Matter of LAUREL HILL FARMS, INC., Appellant, v BOARD OF ASSESSORS OF NASSAU COUNTY et al., Respondents.
[857 NYS2d 711]—

In a hybrid proceeding, inter alia, in effect, pursuant to CPLR article 78 to review a determination of the Nassau County Board of Assessors dated April 1, 2005, granting the application of Laurel Hill Farms, Inc., for an agricultural assessment under Agriculture and Markets Law § 305 for tax year 2005/2006 only the extent of granting an agricultural assessment for a portion of certain lots, and action for a judgment declaring that Laurel Hill Farms, Inc., is entitled to an agricultural assessment under Agriculture and Markets Law § 305 for tax year 2005/2006 for the entirety of the lots, Laurel Hill Farms, Inc., appeals from a judgment of the Supreme Court, Nassau County (LaMarca, J.), entered May 5, 2006, which denied the petition and dismissed the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

Had the application of Laurel Hill Farms, Inc. (hereinafter

Laurel Hill), for an agricultural assessment been granted in its entirety, the subject lots would have benefited from increased partial exemptions from taxation (*see* Agriculture and Markets Law § 305 [1] [b]; *Matter of Karlin Farms v Board of Assessors of Town of Riverhead*, 197 AD2d 32, 35 [1994]). Thus, the crux of Laurel Hill's challenge is the wrongful denial of a partial tax exemption. The proper vehicle for challenging an allegedly wrongful denial of a partial exemption is a tax certiorari proceeding pursuant to RPTL article 7, and not a CPLR article 78 proceeding (*see Rochdale Vil. v Finance Adm'r of City of N.Y.*, 159 AD2d 494, 497 [1990]; *Stabile v Half Hollow Hills Cent. School Dist. of Huntington & Babylon*, 83 AD2d 945, 945-946 [1981]; *see also* RPTL 706 [1]). While the Supreme Court could have converted the instant CPLR article 78 proceeding into a tax certiorari proceeding (*see* CPLR 103 [c]), conversion would have been improper since, at the time the instant proceeding was commenced, a tax certiorari proceeding would have been untimely (*see* RPTL 516 [1], 702 [2]; *Matter of Cathedral Fourth Dev. Corp. v Board of Assessors & Assessment Review Commn. of County of Nassau*, 25 AD3d 693, 694 [2006]). Accordingly, the Supreme Court properly denied the petition and dismissed the instant CPLR article 78 proceeding as time-barred.

Laurel Hill's remaining contentions are without merit. Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.