■ In the Matter of LAVINIA HALL et al., Appellants, v BOARD OF ASSESSORS et al., Respondents. [874 NYS2d 388]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Assessment Review Commission of the County of Nassau dated August 22, 2006, the petitioners appeal from a judgment of the Supreme Court, Nassau County (De Maro, J.), entered January 11, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The proper method for challenging excessive or unlawful real property tax assessments is by a tax certiorari proceeding pursuant to article 7 of the Real Property Tax Law (see RPTL 706; *Matter of Cathedral Fourth Dev. Corp. v Board of Assessors & Assessment Review Commn. of County of Nassau*, 25 AD3d 693, 694 [2006]). Where a board of assessment review grants a correction of errors petition, the property owner may seek judicial review of that determination by commencing such a proceeding within 30 days of the date of the mailing of the notice of the correction to the property owner (see RPTL 553 [4] [c]; *Matter of Niagara Mohawk Power Corp. v Town of Potsdam Bd. of Assessors*, 160 Misc 2d 606, 608-609 [1994], *affd* 216 AD2d 775 [1995]; *see also* RPTL 552 [3]; 525 [4]).

The petitioners' challenge to the Assessment Review Commission of the County of Nassau's determination to grant the underlying correction of errors petitions does not fall within any of the exceptions to this rule (see *Matter of Bassett Mtn. Recreation Ctr. v Town of Jay Bd. of Assessors*, 232 AD2d 934 [1996]; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 179-180 [1988]). Accordingly, their challenge should have been brought in a tax certiorari proceeding pursuant to Real Property Tax Law article 7 (see RPTL 553 [4] [c]; *Matter of Niagara Mohawk Power Corp. v Town of Potsdam Bd. of Assessors*, 160 Misc 2d 606, 609 [1994], *affd* 216 AD2d 775 [1995]). Since, at the time the instant proceeding was commenced, an RPTL article 7 proceeding would have been untimely, this proceeding could not be converted pursuant to CPLR 103 (c) and was properly dismissed (see RPTL 553 [4] [c]; *Matter of Laurel Hill Farms, Inc., v Board of Assessors of Nassau County*, 51 AD3d 794, 795 [2008]; *Matter of Cathedral Fourth Dev. Corp. v Board of Assessors & Assessment Review Commn. of County of Nassau*, 25 AD3d 693, 694 [2006]). Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.