[895 NYS2d 110]

In the Matter of LEVEL 3 COMMUNICATIONS, LLC, Appellant, v ANTHONY V. DEBELLIS, Appointed Assessor for the City of Mount Vernon, et al., Respondents.

Second Department, January 19, 2010

## APPEARANCES OF COUNSEL

*Ingram Yuzek Gainen Carroll & Bertolotti, LLP*, New York City (*Dean G. Yuzek, Roger Cukras* and *Jennifer B. Schain* of counsel), for appellant.

*Huff Wilkes, LLP*, Tarrytown (*John D. Cavallaro* and *Michael V. Caruso* of counsel), for Anthony V. DeBellis and others, respondents.

*Robert F. Meehan, County Attorney*, White Plains (*Stacy Dolgin-Kmetz* and *Thomas G. Gardiner* of counsel), for Westchester County Board of Legislators and another, respondents.

## OPINION OF THE COURT

DICKERSON, J.

We are asked on this appeal primarily to determine whether a taxpayer's challenge to a municipality's assessment of the taxpayer's real property was time-barred, and whether the taxpayer's challenge is barred by virtue of its failure to exhaust its administrative remedies prior to seeking judicial review. Since the instant dispute involves the correction of errors in assessment pursuant to RPTL article 5, this proceeding and action is not time-barred, and the taxpayer's claims are not barred by its alleged failure to exhaust its administrative remedies.

The petitioner/plaintiff, Level 3 Communications, LLC (hereinafter Level 3), is a provider of telecommunications services to business, governmental, and institutional customers through an advanced fiber optics network. In 1999 Level 3 advised the respondent/defendant City of Mount Vernon of its intent to install "conduits and fiber optic cables—with the City's permission—as part of its fiber optics telecommunications network." The network was not to provide services to customers located in the city, but was to transmit signals for the benefit of customers and users with facilities located elsewhere. In that regard, Level 3 sought and obtained a street-opening permit dated July 9, 1999 from the City's Department of Public Works, and installed three miles of its fiber optic network in city streets.

The State Board of Real Property Services (hereinafter the State Board) issued tentative and final special franchise tax assessments on the subject property for the tax years 2003, 2004, 2005, and 2006 in the amounts of $20,348, $17,389, $14,534, and $11,805, respectively. In issuing those assessments, the State Board determined that the subject property, i.e., the three miles of "conduits and fiber optic cables," was "special franchise property" as defined by RPTL 102 (17) and, thus, within its exclusive assessment jurisdiction. Although the State Board notified the City of the tentative special franchise assessments for each of the years at issue, the City failed to challenge, through an administrative complaint filed with the State Board pursuant to RPTL 610, either the State Board's determination of the value of the property at issue or that the property was special franchise property within the State Board's exclusive jurisdiction.

In October 2000 the respondent/defendant City Council of the City of Mount Vernon (hereinafter the City Council) enacted a comprehensive telecommunications ordinance, codifying procedures for telecommunications providers to obtain permission to utilize city rights-of-way. The ordinance provided that "[n]o person shall use or occupy the streets as a telecommunications provider . . . without a franchise or revocable license granted by" the City Council (City of Mount Vernon Code § 239-2 [A], [D]). Accordingly, a resolution granting or renewing such a license or franchise was required. Contrary to Level 3's contention, Level 3 made no effort to secure the adoption of such a resolution by the City Council granting such a franchise or revocable license. As such, Level 3 remained noncompliant with the City's ordinances.

As a consequence, Anthony V. DeBellis, the Commissioner of Assessment of the City of Mount Vernon, sued herein as Anthony V. DeBellis, Appointed Assessor for the City of Mount Vernon (hereinafter the City tax assessor), advised Level 3, in response to its filing of an income and expense statement dated May 9, 2002, that Level 3's property was not special franchise property. In that income and expense statement, Level 3 had asserted that it was exempt from filing an income and expense statement in the first instance because the subject property was indeed special franchise property. Specifically, DeBellis stated: "No. You have no Agreement w/the City of M.V. We consider this ordinary real property." Since Level 3 took no action in response to the City tax assessor's determination, its property was assessed as ordinary real property with a value of $425,000 for each of the tax years 2003, 2004, 2005, and 2006. Tax bills for city, school district, and county taxes were issued to Level 3 based on the City's assessment, instead of the substantially lower State Board special franchise assessments, which fixed the value of the subject real property in the amounts of $20,348 for 2003, $17,389 for 2004, $14,534 for 2005, and $11,805 for 2006.

Level 3 paid its real property taxes for tax years 2003, 2004, 2005, and 2006 without protest. Although Level 3 received timely notice of each tax year's city tax assessment, it never filed a grievance with the City of Mount Vernon Board of Assessment Review (hereinafter the Board of Assessment Review), never commenced a proceeding challenging the assessments pursuant to RPTL article 7, never commenced a CPLR article 78 proceeding challenging the methodology of the assessments, and paid its real property taxes without asserting that it was paying them involuntarily or under protest.

In July 2006 Level 3 applied to the Tax Director of the County of Westchester (hereinafter the County Tax Director) pursuant to RPTL 556 for a refund of excess taxes paid during the period 2004 through 2006. Level 3's senior manager of property taxes, Lisa Akins, asserted, in the application, that the City tax assessor had no authority to ignore the State Board's special franchise assessments merely because Level 3 did not have a franchise agreement with the City. She further stated that Level 3 had contacted the City and was trying to negotiate a franchise agreement.

In a letter dated August 11, 2006, the County Tax Director notified the City tax assessor that "I have determined that a

clerical error has occurred. It is therefore my recommendation that the applications be approved pursuant to Section 550 [7] [c] of the Real Property Tax Law and corrections be made to the tax rolls accordingly."

Level 3 made another application for tax refunds that December in connection with other taxes paid for tax year 2004, for which the County Tax Director likewise recommended approval in a letter dated December 22, 2006.

The City Council did not take any action on these recommendations, and did not notify Level 3 of any determinations. On or about January 1, 2007 Level 3 received a 2007 tax bill from the City, again based on the City's $425,000 assessment.

The Proceeding and Action

On or about January 9, 2007 Level 3 commenced this hybrid proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus and action for a judgment declaring the City's assessments on its 2003-2006 assessment rolls are unlawful, that the State Board assessments are binding, and that the City tax assessor and the City are obligated to conform all future assessments of the subject property to the special franchise assessments made by the State Board, that is, they are under a continuing duty to conform all assessment roll entries to the State Board assessments. Level 3 sought to compel all of the respondents/defendants to conform their tax entries to the State Board assessments, and sought refunds of allegedly overpaid taxes for tax years 2004 through 2006, as well as costs and an attorney's fee pursuant to 42 USC § 1988.

The petition/complaint alleged that so much of Level 3's network infrastructure as was situated within the city was special franchise property within the meaning of RPTL 102 (17), which fell under the exclusive assessment jurisdiction of the State Board pursuant to RPTL 600. It further alleged that the State Board's assessments were articulated in the State Board's determination of market value for the subject property, as well as its determination that the subject property was indeed special franchise property.

Level 3 asserted that the City's exclusive avenue for challenging the State Board's assessments was via an administrative complaint filed with the State Board, but that the City never administratively challenged the State Board's tentative or final assessments for the years at issue. The petition/complaint further alleged that the City tax assessor had a ministerial duty,

pursuant to RPTL 616 (2), to enter the State Board's assessments on the City's assessment rolls, and that the higher city assessments were, therefore, unlawful entries within the meaning of RPTL 550 (7) (c). Level 3 further alleged that, after the County Tax Director recommended approval of its refund and correction applications, the City Council, the School Board for the City of Mount Vernon School District (hereinafter the School Board), and the County Legislature were required to promptly examine the applications and approve them absent a written determination of specific reasons for rejecting the recommendations of the County Tax Director. Instead, according to Level 3, those entities failed to examine, consider, or rule upon the applications.

The first cause of action alleged, inter alia, that the City tax assessor failed to perform ministerial duties and that the City Council, the School Board, and the County Legislature failed to perform their duties under law. It sought, among other things, to compel the City Council to examine, consider, and rule upon the applications, and thereafter approve them pursuant to its ministerial duty, and to compel the City tax assessor to perform his ministerial duty to correct the assessment rolls and issue the appropriate refunds. The second cause of action asserted a cause of action pursuant to 42 USC § 1983 to recover damages for alleged violations of due process (*see* US Const 14th Amend) and the dormant Interstate Commerce Clause (*see* US Const, art I, § 8 [3]).

Answer and Motion to Dismiss

The City, the City tax assessor, and the City Council (hereinafter collectively the City respondents) answered, asserting various affirmative defenses, including, inter alia, the statute of limitations, failure to exhaust administrative remedies, that Level 3 failed to obtain the special franchise approval required by the Mount Vernon City Charter and Code of the City of Mount Vernon, and that Level 3 failed to follow proper procedures under RPTL article 5 by forwarding the County Tax Director's recommendations to the City Council.

The Westchester County Board of Legislators and the County of Westchester (hereinafter together the County respondents) made a pre-answer motion pursuant to CPLR 7804 (f) and 3211 to dismiss the petition and complaint insofar as asserted against them. The County respondents argued that the proceeding and action was time-barred. They further argued that Level 3 failed to state a cause of action since the County Legislature is not a

tax-levying body within the meaning of RPTL article 5 but, rather, that the City Council was the tax-levying body for both city and county real property taxes, and was also the entity required to correct any errors on the assessment rolls. In addition, the County respondents argued that they were not empowered to determine Level 3's refund applications or to enter an assessment on the assessment rolls, and that Level 3 had no entitlement to any refund of county taxes unless or until the assessments were reduced by the City. Accordingly, the County respondents argued that there was no justiciable controversy between them and Level 3, and that the court consequently lacked subject matter jurisdiction.

The County respondents further asserted that Level 3 failed to exhaust its administrative remedies and was not aggrieved by any action of the County, thus depriving it of standing. Finally, the County respondents asserted that the tax payments in dispute were not made under protest or duress, an omission fatal to Level 3's claims even if its applications had otherwise been proper.

In opposition to the motion of the County respondents, Level 3 submitted an affidavit from Akins, in which she explained that Level 3 paid the inflated bills because it mistakenly assumed that they were correct. According to Akins, when Level 3 realized that the bills were not based on the State Board assessments, it continued to pay so as not to jeopardize its continued use of the right-of-way within the city.

A manager in Level 3's right-of-way group, Jonathan Hager, stated in his affidavit that the 1999 street-opening permit gave Level 3 the permission to lay the three miles of fiber optic cable across or through Mount Vernon's right-of-way. While the frontage described on the permit was only 3,050 feet, Hager explained that the openings were spaced out over the entire three miles. Hager averred that the City did not require a formal franchise agreement in 1999, but only required Level 3 to obtain the street-opening permit. Nevertheless, according to Hager, Level 3 attempted to procure a franchise agreement, but the City never followed through. Hager further asserted that the stretch of cable installed across and through the City's right-of-way was part of a vital artery within Level 3's system, that any interference with its continued installation and placement could undermine the integrity of the entire system, and that an effective annual property tax at the higher rate mandated by the City could adversely affect Level 3's financial stability if applied across Level 3's entire system.

The City respondents disputed Hager's affidavit, arguing that Level 3 could not validly challenge the methodology utilized by the City tax assessor in this proceeding, but that its remedy was to file a grievance with the Board of Assessment Review and to commence a subsequent RPTL article 7 proceeding, neither of which it did.

## Level 3's Cross Motion

By order to show cause dated February 20, 2008, Level 3 cross-moved for leave to supplement the petition/complaint, to compel the City respondents to accept tax payments based on the State Board's assessments during the pendency of the proceeding and action, to preclude the City respondents from enforcing tax liens with respect to the disputed taxes during the pendency of the proceeding and action, and to preclude the City tax assessor from issuing assessments in excess of the State Board's special franchise assessment for tax years 2008 and beyond. Level 3 submitted the 2006 and 2007 State Board certificates of final special franchise assessments, along with the recently-received 2007 and 2008 tax bills, based on the City's assessment. As reflected in the documentation submitted by Level 3 in connection with its cross motion, the County Tax Director recommended approval of Level 3's then-recent applications for correction of the 2007 and 2008 assessment rolls, unless it was determined that the parcel was not special franchise property, in which case denial of the applications was recommended.

In opposition to Level 3's cross motion, the City respondents submitted an affidavit of Susie Valentin, Deputy Comptroller, in which she averred that the tax collection procedures adopted by the City required full payment of real property tax bills, and that partial payment was not accepted. The City respondents argued that if Level 3 were permitted to supplement its petition, it could and would confer an unfair advantage by allowing Level 3 to circumvent administrative review procedures for separate assessment years. Further, the City respondents claimed that, since the underlying petition and complaint was time-barred, Level 3 should be precluded from supplementing or amending it. Moreover, they argued that the branches of the cross motion which sought to preclude them from fulfilling their statutory tax-collection duties were unprecedented. The City respondents further reiterated their position that Level 3 did not have a special franchise because it failed to obtain the proper approval from the City.

The Order Appealed From

The Supreme Court granted those branches of the County respondents' motion which were to dismiss the petition/complaint as time-barred and on the ground that Level 3 failed to exhaust its administrative remedies, denied the petition as to the remaining respondents as time-barred and on the ground that Level 3 failed to exhaust its administrative remedies, and directed the dismissal of the proceeding and the complaint. Level 3's cross motion was denied as academic. Specifically, the court held that the cause of action to compel the City respondents to consider and approve Level 3's applications for refunds of the assessments for tax years 2003-2005 was time-barred. The court determined that the applicable four-month statute of limitations ran from each of the City's annual final determinations setting forth the amount of the assessment, and that the limitations period was not extended by the City's failure to act upon the recommendation of the County Tax Director. The court further determined that Level 3 failed to exhaust its administrative remedies by failing to challenge the annual assessments made by the City by filing a grievance with the City with respect to each annual assessment and thereafter commencing a tax certiorari proceeding or proceedings pursuant to RPTL article 7.

## DISCUSSION

Statute of Limitations Applicable to Cause of Action Pursuant to CPLR Article 78

Ordinarily, the proper method for challenging excessive or unlawful real property tax assessments is by the commencement of a tax certiorari proceeding pursuant to article 7 of the Real Property Tax Law (*see* RPTL 706; *Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122 [1985]; *Matter of Young v Town of Bedford*, 37 AD3d 729 [2007], *affg* 9 Misc 3d 1107[A], 2005 NY Slip Op 51444[U] [2005]; *Matter of Cathedral Fourth Dev. Corp. v Board of Assessors & Assessment Review Commn. of County of Nassau*, 25 AD3d 693 [2006]; *Matter of General Elec. Co. v MacIsaac*, 292 AD2d 689 [2002]; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175 [1988]). Such a proceeding must be commenced within 30 days after the filing of the final assessment roll (*see* RPTL 702 [2]). In addition, a proceeding challenging the legality of a municipal tax assessor's methodology may also be commenced pursuant to CPLR article 78 (*see Matter of M.*

*Kaufman 42nd St. Co. v Board of Assessors of Atl. Beach,* 273 AD2d 239, 240 [2000]; *Matter of DeLeonardis v Assessor of City of Mount Vernon,* 226 AD2d 530 [1996]; *Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau,* 202 AD2d 417 [1994]; *Matter of Markim v Assessor of Town of Orangetown,* 9 Misc 3d 1115[A], 2005 NY Slip Op 51566[U] [Sup Ct, Rockland County 2005], *adhered to on rearg* 11 Misc 3d 1063[A], 2006 NY Slip Op 50374[U] [Sup Ct, Rockland County 2006]; *Brodie v Office of Assessor of Town of Ramapo,* 8 Misc 3d 1001[A], 2005 NY Slip Op 50883[U] [Sup Ct, Rockland County 2005]; *Matter of Markin v Assessor of Town of Orangetown,* 6 Misc 3d 1042[A], 2005 NY Slip Op 50389[U] [Sup Ct, Rockland County 2005]). Such a proceeding must be commenced within four months after the determination to be reviewed becomes final (*see* CPLR 217 [1]).

However, RPTL article 5 articulates a procedure for the correction of certain types of errors in the assessment of real property taxes. If the error is of one of the types enumerated in that article, a taxpayer may apply for a correction of the rolls and a refund of taxes actually paid. Such an application is timely if made within three years from the annexation of the warrant for such tax (*see* RPTL 556 [1] [a] [i]).

Procedurally, the taxpayer must file an application for a refund or correction of the assessment roll with the county director of real property tax services (hereinafter the county director) in the appropriate county (*see* RPTL 554 [2]; 556 [2]). The county director is required to investigate the circumstances underlying the application, and make a written recommendation to the tax-levying body within 10 days. Where the same alleged error appears on the current assessment roll, the county director also must send a report to the relevant municipal assessor and the appropriate board of assessment review, which are to consider the report an application for correction of the final assessment roll pursuant to RPTL 553 (*see* RPTL 554 [4]; 556 [4]). Those bodies then must examine the application and report at a meeting to determine whether the error exists, approve or deny the application, and mail a copy of the determination to the taxpayer (*see* RPTL 554 [5]; 556 [5]).

When correction applications are granted, the tax-levying body is required to make an order setting forth the corrected taxes and directing the relevant municipal tax assessor to correct the assessment roll (*see* RPTL 554 [5] [d]). The municipal tax assessor must then immediately correct the assessment roll

as directed by the order (*see* RPTL 554 [6]). Refund applications are simply granted by the tax-levying body, the amount of the refunds becoming a charge on the municipality or district (*see* RPTL 556 [6]). The municipal tax assessor then has a duty to make the corrected entry on the rolls, though such duty is not expressly spelled out in RPTL 556.

The denial of a refund or correction application is reviewable pursuant to CPLR article 78 (*see Saggolf Corp. v Town Bd. of Town of Bolton,* 63 AD2d 428, 433 [1978]). The CPLR article 78 proceeding must be commenced within four months of the denial of that application (*id.* at 433; CPLR 217). Where a governmental body fails to act on a correction or refund application in the manner prescribed by statute, a special proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the body to do so may be maintained (*see Matter of Coliseum Towers Assoc. v Livingston,* 153 AD2d 683, 685 [1989], *affd* 80 NY2d 961 [1992]; CPLR 7803 [1]). The applicable four-month limitations period begins to run when the public body refuses to comply with the petitioner's demand to perform the duty in question (*see Matter of Coliseum Towers Assoc. v Livingston,* 153 AD2d at 685).

 Here, there is no dispute that the applications for refund and correction were timely filed within three years of the annexation of the warrants for tax years 2004-2006, as set forth in the original petition/complaint filed in the Supreme Court (referable to the 2003-2005 assessment rolls) and within three years of the annexation of the warrants for tax years 2007-2008, as set forth in the applications attached to the order to show cause (referable to the 2006 and 2007 assessment rolls). The County Tax Director notified the City tax assessor of his recommendation to approve the initial applications by letter dated August 11, 2006. He likewise recommended approval of the subsequent applications by letters dated December 22, 2006, January 25, 2007, and November 28, 2007.

The County Tax Director was required to send his report to the tax-levying body, in this case the City Council, which should have examined, considered, and voted on the applications. He was also required to send a copy to the Board of Assessment Review, which was, in turn, required to vote on applications seeking correction of the then-current assessment rolls (*see* RPTL 556 [4]). Here, however, none of these actions were taken. Rather, the County Tax Director reported to the City tax assessor, who took no action on the reports. The first notification

that Level 3 received that the applications had not even been considered by the City Council or the Board of Assessment Review was when it received its 2007 tax bill from the City in January 2007. Level 3 timely interposed its cause of action pursuant to CPLR article 78 within four months of that date and, thus, also timely interposed its other causes of action, which are subject to longer periods of limitations (*see* CPLR 213, 214).

Application of RPTL Article 5

■ The City respondents contend that, nonetheless, the cause of action pursuant to CPLR article 78 is time-barred because RPTL article 5 does not apply. They contend that the alleged error was not of the type correctable by the statute, and rely upon *Brodie v Office of Assessor of Town of Ramapo* (8 Misc 3d 1001[A], 2005 NY Slip Op 50883[U] [Sup Ct, Rockland County 2005]). *Brodie* is distinguishable, and the City respondents' contention is without merit.

Under the Real Property Tax Law, assessments on special franchise property are made by the State Board (*see* RPTL 600 [1]). The State Board investigates the value of the property and issues a tentative assessment, which may be challenged by either the property owner or the relevant assessing unit (*see* RPTL 608, 610). If challenged, a hearing is held. A final assessment is then made and a certificate is sent to the relevant municipal assessor, here the City tax assessor, who is required to enter the State Board assessment on the local tax roll (*see* RPTL 614, 616). Pursuant to RPTL 556, a tax-levying body may issue a refund of taxes paid where the tax was attributable to an unlawful entry on the tax roll. "Unlawful entry" includes "an entry of assessed valuation of a special franchise on an assessment roll or on a tax roll, or both, which exceeds the final assessment thereof as determined by the state board" (RPTL 550 [7] [e]).

On its face, Level 3's challenge falls within this section. The City tax assessor entered assessments on special franchise property that were higher than those made by the State Board. Accordingly, the RPTL article 5 correction-of-errors procedure was properly and timely utilized.

■ The correction-of-errors procedure only applies to the correction of any specific error that was identified. Level 3 has, in effect, waived any general challenge to the excessiveness of the City tax assessor's valuation of the subject property or the method employed by him in arriving at that valuation. Such challenges could only have been properly interposed via RPTL article 7, after exhaustion of the administrative grievance reme-

dies (*see Matter of Sterling Estates v Board of Assessors of County of Nassau,* 66 NY2d 122 [1985]; *Matter of General Elec. Co. v MacIsaac,* 292 AD2d 689 [2002]; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach,* 141 AD2d 175 [1988]). Thus, the Supreme Court was limited to the review of the City respondents' failure to determine Level 3's refund and correction applications, and Level 3 may not question the method and manner of valuation employed by the City tax assessor.

Failure to Exhaust Administrative Remedies with Respect to Cause of Action Pursuant to CPLR Article 78

 A CPLR article 78 proceeding may not be maintained where a petitioner fails to exhaust administrative remedies (*see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation,* 87 NY2d 136, 140 [1995]; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]; CPLR 7801 [1]). However, the administrative remedy applicable here is not the filing of a grievance (which is also the condition precedent to the commencement of an RPTL art 7 proceeding), but the filing of an application with the County Tax Director pursuant to RPTL 554 or 556, a procedure of which Level 3 availed itself (*see Matter of Cathedral Fourth Dev. Corp. v Board of Assessors & Assessment Review Commn. of County of Nassau,* 25 AD3d at 695; *Semon Trust/Lord & Taylor v Board of Assessors of County of Nassau,* 160 AD2d 991 [1990]).

Claims Against the County Abandoned

In its brief, Level 3 makes no arguments concerning the propriety of the dismissal of the petition/complaint insofar as asserted against the County respondents. Nor does it not contend that the County Board of Legislators or the County failed to perform any duties or acted in any illegal or arbitrary and capricious manner. The County respondents contend that Level 3 has thus abandoned its appeal insofar as related to any claims asserted against them. We agree. Level 3 does not dispute this contention, or even address it, in its reply brief.

The appeal from so much of the order as granted those branches of the motion of the County respondents which were to dismiss the petition/complaint insofar as asserted against them, and directed the dismissal of the proceeding and the complaint insofar as asserted against them, must, therefore, be dismissed as abandoned (*see Cambry v Lincoln Gardens,* 50 AD3d 1081 [2008]; *Galano v Roslyn Sav. Bank,* 290 AD2d 530 [2002]).

## Remittal of Cause of Action Pursuant to CPLR Article 78

The cause of action asserted against the City respondents pursuant to CPLR article 78 seeks to compel them to perform their ministerial duties under RPTL 556 and make a determination with respect to the applications for refund and correction. Since that cause of action was timely interposed, the matter must be remitted to the Supreme Court, Westchester County, for a determination of the merits of that cause of action (*see Matter of Smith v Calvary Baptist Church*, 35 AD3d 749, 750 [2006]; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Ramapo*, 283 AD2d 650, 651 [2001]).

## Remaining Causes of Action

The causes of action seeking declaratory relief were timely interposed (*see* CPLR 213 [1]) and, under the circumstances of this case, Level 3 was not required to exhaust administrative remedies prior to pursuing that relief (*see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140 [1995]; *Bankers Trust Corp. v New York City Dept. of Fin.*, 301 AD2d 321, 327-328 [2002], *mod* 1 NY3d 315 [2003]). Accordingly, those causes of action may only be resolved, upon remittal, by further proceedings before the Supreme Court. Likewise, the causes of action to recover damages pursuant to 42 USC § 1983 are not time-barred (*see* CPLR 214; *Wilson v Garcia*, 471 US 261 [1985]; *Lopez v Shaughnessy*, 260 AD2d 551, 552-553 [1999]) and, under the circumstances, are not subject to the requirement of exhaustion of remedies (*see Patsy v Board of Regents of Fla.*, 457 US 496, 500 [1982]; *McNeese v Board of Ed. for Community Unit School Dist. 187*, 373 US 668, 671-673 [1963]; *cf.* Prison Litigation Reform Act [42 USC § 1997e (a)]). Consequently, those causes of action must be remitted for further proceedings.

## Leave to Supplement the Petition/Complaint

The Supreme Court denied, as academic, Level 3's cross motion for leave to supplement the petition/complaint with allegations concerning the 2007-2008 tax years, on the ground that the original petition/complaint was time-barred. Leave to supplement the petition/complaint with identical allegations related to the later years should have been granted (*see* CPLR 3025 [b]), however, and the Supreme Court should have determined, on the merits, whether the City Council had a ministerial duty to make determinations on the later applications (*see* CPLR 7803 [1], [3]).

Conclusion

The notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [b], [c]). The appeal from so much of the order as granted those branches of the motion of the respondents/defendants Westchester County Board of Legislators and the County of Westchester which were to dismiss the petition/complaint insofar as asserted against them and directing the dismissal of the proceeding and the complaint insofar as asserted against them is dismissed as abandoned. The order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the petitioner/plaintiff which was for leave to supplement the petition/complaint and substituting therefor a provision granting that branch of the cross motion, (2) by deleting the provision thereof denying the petition and directing the dismissal of the proceeding insofar as asserted against the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon, (3) by deleting the provisions thereof directing the dismissal, as time-barred, and on the ground that the petitioner/ plaintiff failed to exhaust its administrative remedies, of the causes of action for a judgment declaring that the assessments of certain real property on the assessment rolls of the respondent/defendant City of Mount Vernon for tax years 2003, 2004, 2005, and 2006 are unlawful; that the subject property is special franchise property within the meaning of RPTL 102 (17); that the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon are obligated to apply the classification and the assessment of the subject real property, as determined by the New York State Board of Real Property Services, to the assessment rolls of the City of Mount Vernon, and levy real property taxes accordingly; and that the Commissioner of Assessment of the City of Mount Vernon is obligated to conform all future assessments of the subject property to the special franchise assessments made by the State Board of Real Property Services, and (4) by deleting the provision thereof directing the dismissal of the causes of action to recover damages pursuant to 42 USC § 1983 insofar as asserted against the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon; as so modified, the order is affirmed insofar as reviewed, the proceeding and action against the respondents/defendants Westchester County Board of Legislators and the County of

Westchester is severed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the petition/complaint against the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon.

DILLON, J.P., ANGIOLILLO and ENG, JJ., concur.

Ordered that the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [b], [c]); and it is further, ordered that the appeal from so much of the order as granted those branches of the motion of the respondents/defendants Westchester County Board of Legislators and the County of Westchester which were to dismiss the petition/complaint insofar as asserted against them and directing the dismissal of the proceeding and the complaint insofar as asserted against them is dismissed as abandoned; and it is further, ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the petitioner/plaintiff which was for leave to supplement the petition/complaint and substituting therefor a provision granting that branch of the cross motion, (2) by deleting the provision thereof denying the petition and directing the dismissal of the proceeding insofar as asserted against the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon, (3) by deleting the provisions thereof directing the dismissal, as time-barred, and on the ground that the petitioner/plaintiff failed to exhaust its administrative remedies, of the causes of action for a judgment declaring that the assessments of certain real property on the assessment rolls of the respondent/defendant City of Mount Vernon for tax years 2003, 2004, 2005, and 2006 are unlawful; that the subject property is special franchise property within the meaning of RPTL 102 (17); that the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon are obligated to apply the classification and the assessment of the subject real property, as determined by the New York State Board of Real Property Services, to the assessment rolls of the City of Mount Vernon, and levy real property taxes accordingly; and that the Commissioner of Assessment of the City of Mount Vernon is obligated to conform all future assessments of the subject property to the special franchise assessments made by the State Board of Real Property Services, and (4) by deleting the provision thereof directing

the dismissal of the causes of action to recover damages pursuant to 42 USC § 1983 insofar as asserted against the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon; as so modified, the order is affirmed insofar as reviewed, with one bill of costs payable to the petitioner/plaintiff by the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon, the proceeding and action against the respondents/defendants Westchester County Board of Legislators and the County of Westchester is severed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the petition/complaint against the respondents/defendants Anthony V. DeBellis, the Mount Vernon City Council, and the City of Mount Vernon.