■ In the Matter of MARIGRACE BLANKS et al., Individualy and as Trustees of the Estate of LELAND RYDER TRUSTS, Respondents, v DUTCHESS COUNTY REAL PROPERTY TAX SERVICE AGENCY et al., Appellants, et al., Respondent. [975 NYS2d 764]—

In a proceeding pursuant to CPLR article 78 to review Dutchess County Legislature Resolution Nos. 2011253, 2011254, 2011255, 2011256, 2011257, and 2011258, rejecting the petitioners' applications pursuant to Real Property Tax Law § 556 for a refund of alleged overpayment of certain real property taxes for tax years 2008/2009, 2009/2010, and 2010/2011, the Dutchess County Real Property Tax Service Agency and the Dutchess County Legislature appeal from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated June 26, 2012, which, in effect, granted the petition, annulled the resolutions, and remitted the matter for new determinations on the petitioners' applications.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the petition which was to annul Resolution Nos. 2011256, 2011257, and 2011258, and remitting the matter for new determinations on the petitioners' applications relating to parcel number 132800-6555-00-925349-0000, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements.

Real Property Tax Law article 5 "articulates a procedure for the correction of certain types of errors in the assessment of real property taxes. If the error is of one of the types enumerated in that article, a taxpayer may apply for a correction of the rolls and a refund of taxes actually paid" (*Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 174 [2010]). A

governmental body's determination on such an application is reviewable pursuant to CPLR article 78 (*see id.* at 175). When reviewing such administrative determinations, courts must ascertain whether there is a rational basis for the determinations, or whether the determinations were arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]).

As the appellants correctly assert, they conducted an adequate investigation of the petitioners' applications for a refund in connection with parcel number 132800-6555-00-925349-0000 that fully complied with the procedures set forth in Real Property Tax Law § 556 (*see generally Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d at 174). To the extent that the petitioners' contentions constitute challenges to the valuation of the subject parcel, such claims are not subject to review pursuant to Real Property Tax Law § 556, which provides authority for refunds owed due to "clerical error," "unlawful entry," or "error[s] in essential fact" (*see generally Matter of Rozz v Nassau County Dept. of Assessment*, 96 AD3d 952, 953-954 [2012]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d 121 [2010]). The appellants' determinations to reject the petitioners' applications concerning this parcel had a rational basis. Accordingly, the Supreme Court erred by, in effect, granting that branch of the petition which was to annul Resolution Nos. 2011256, 2011257, and 2011258, and remitting the matter for a new determination on the petitioners' applications relating to parcel number 132800-6555-00-925349-0000.

Contrary to the appellants' contention, the Supreme Court properly, in effect, granted that branch of the petition which was to annul Resolution Nos. 2011253, 2011254, and 2011255, and remitted the matter for a new determination on the petitioners' applications relating to parcel number 132800-6555-00-677174-0000.

The appellants' remaining contentions are without merit or need not be reached in light of our determination. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.