◼ JOANNE TRICARICO et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [990 NYS2d 864]—

In an action, inter alia, to recover damages related to the classification of certain real property as "Class two" residential real property pursuant to RPTL 1802 (1), the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated February 1, 2012, as, upon reargument, vacated the determination in an order of the same court dated October 7, 2010, denying the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, and thereupon granted the defendants' motion to dismiss the complaint.

Ordered that the order dated February 1, 2012, is affirmed insofar as appealed from, with costs.

The plaintiffs own a four-family residential property in the Town of Oyster Bay. For tax year 2007/2008, the Nassau County Board of Assessors (hereinafter the Board) classified the property as "Class two" real property pursuant to Real Property Tax Law § 1802 (1). The plaintiffs commenced this action asserting, inter alia, that the property had been previously classified as "Class one" (see RPTL 1802 [1] [a]), that the use of the property had not changed, and that the reclassification had resulted in a dramatic increase in the real property tax assessment.

The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint arguing, among other things, that any challenge to the classification had to be made in a proceeding pursuant to RPTL article 7, that no such proceeding had been commenced in a timely manner, and that, as such, the Supreme Court did not have subject matter jurisdiction to consider the plaintiffs' collateral attack. By order dated October 7, 2010, the Supreme Court denied the defendants' motion to dismiss the complaint. In the order appealed from, the Supreme Court granted the defendants' motion for leave to reargue their prior motion to dismiss the complaint, and upon reargument, granted their motion to dismiss the complaint.

In general, the proper method for challenging excessive or unlawful real property tax assessments is by the commencement of a tax certiorari proceeding pursuant to RPTL article 7 (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204 [1991]; Matter of St. Francis Hosp. v Taber, 76 AD3d 635, 638 [2010]; Matter of Level 3 Communications, LLC v DeBellis, 72 AD3d 164, 173 [2010]). Such a proceeding, which must be commenced within 30 days after the filing of the final assessment roll, can challenge an assessment as being excessive, unequal, or unlawful, or as result-

ing from the property being misclassified (*see* RPTL 702 [2]; 706 [1]).

The procedures of RPTL article 7 need not be followed, and a plenary action may be commenced collaterally attacking the assessment where the challenge is that the taxing authority has exceeded its power, such as by effectively withdrawing a previously recognized exemption (*see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d at 204-205; *Matter of St. Francis Hosp. v Taber*, 76 AD3d at 638). A collateral attack may also be mounted where the challenge is based upon "the method employed in the assessment involving several properties rather than the overvaluation or undervaluation of specific properties" (*Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 180 [1988]; *see Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau*, 202 AD2d 417, 419 [1994]).

Here, all of the allegations regarding the assessment stem from the Board's determination that the subject property should be classified as "Class two" property on the 2007/2008 tax roll (*see generally* Nassau County Administrative Code § 6-2.1 [a]). As the Supreme Court properly pointed out, a challenge to this alleged misclassification had to be asserted in a proceeding pursuant to RPTL article 7 (*see* RPTL 706 [1]; *Matter of 200 Cent. Ave., LLC v Board of Assessors*, 56 AD3d 679 [2008]). Contrary to the plaintiffs' contention, this is not a case where a previously afforded statutory exemption was improperly withdrawn (*see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d at 204-205; *Matter of Watchtower Bible & Tract Socy. of N.Y. v Lewisohn*, 35 NY2d 92 [1974]). Moreover, despite the plaintiffs' attempt to style the challenge as one regarding the method of assessment, it is, in actuality, a claim that the subject property was overassessed (*see Matter of Woodland Estates, LLC v Soules*, 79 AD3d 942, 943 [2010]). As such, the plaintiffs were required to pursue any remedies they might have had in a proceeding timely and properly prosecuted pursuant to RPTL article 7.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.