■ JOON MANAGEMENT ONE CORP., Appellant, v TOWN OF RAMAPO et al., Respondents. [36 NYS3d 673]—

In an action, inter alia, for a judgment declaring that the 2009/2010 tax year assessment of certain real property was overstated and erroneous, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated January 27, 2014, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion, inter alia, for leave to amend the complaint to add causes of action to recover money had and received and to recover damages pursuant to 42 USC § 1983 for violation of constitutional rights under color of state law, or, in the alternative, to enforce an alleged settlement agreement.

Ordered that the order is affirmed, with costs.

The plaintiff owns real property in the Town of Ramapo. In December 2009, the plaintiff commenced this plenary action against the Town of Ramapo, Scott J. Shedler, as Assessor of the Town of Ramapo, and the Board of Assessment Review for the Town of Ramapo (hereinafter collectively the Town) seeking, inter alia, a judgment declaring that the property's 2009/2010 tax year assessment was overstated and erroneous. Following service of the Town's answer, counsel for the parties

engaged in settlement negotiations. After the Town Board of the Town of Ramapo (hereinafter the Town Board) rejected a proposed stipulation of settlement, the Town moved for summary judgment dismissing the complaint. The plaintiff cross-moved, inter alia, for leave to amend the complaint to add causes of action to recover money had and received and to recover damages pursuant to 42 USC § 1983 for violation of constitutional rights under color of state law or, in the alternative, to enforce the alleged settlement agreement. The Supreme Court granted the Town's motion and denied the plaintiff's cross motion. We affirm.

In general, the proper method for challenging excessive or unlawful real property tax assessments is by the commencement of a tax certiorari proceeding pursuant to RPTL article 7 (*see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 204 [1991]; *Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d 27 [2014]; *Matter of St. Francis Hosp. v Taber*, 76 AD3d 635, 638 [2010]). Such a proceeding is properly commenced after exhaustion of the administrative grievance remedies, and within 30 days after the filing of the final assessment roll (*see* RPTL 702 [2]; *Matter of Jonsher Realty Corp./Melba, Inc. v Board of Assessors*, 118 AD3d 787, 788 [2014]; *Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 176-177 [2010]). However, where the jurisdiction of the taxing authority is challenged, the tax itself is claimed to be unconstitutional (*see Niagara Mohawk Power Corp. v City School Dist. of City of Troy*, 59 NY2d 262, 268-269 [1983]; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 179-180 [1988]), or the challenge is to the method employed in the assessment involving several properties rather than the overvaluation or undervaluation of specific properties (*see Matter of Dudley v Kerwick*, 52 NY2d 542, 549-550 [1981]; *Tricarico v County of Nassau*, 120 AD3d 658, 659-660 [2014]), a plenary action, not subject to the procedures of RPTL article 7, may be commenced.

The Town established its prima facie entitlement to judgment as a matter of law by demonstrating that (1) the plaintiff's challenge was required to be asserted in a proceeding pursuant to RPTL article 7 because the gravamen of the plaintiff's claim is that the property was overassessed (*see Matter of Woodland Estates, LLC v Soules*, 79 AD3d 942, 943 [2010]; *Matter of Cathedral Fourth Dev. Corp. v Board of Assessors & Assessment Review Commn. of County of Nassau*, 25 AD3d 693, 694 [2006]), and (2) any such RPTL article 7 proceeding was time-barred (*see Matter of Hall v Board of As-*

*sessors*, 60 AD3d 853, 854 [2009]; *Matter of Laurel Hill Farms, Inc. v Board of Assessors of Nassau County*, 51 AD3d 794, 795 [2008]; *Matter of Cathedral Fourth Dev. Corp. v Board of Assessors & Assessment Review Commn. of County of Nassau*, 25 AD3d at 694). In opposition, the plaintiff failed to raise a triable issue of fact as to whether its challenge was an appropriate basis for a plenary collateral attack or that an RPTL article 7 proceeding would be timely (*see* CPLR 103 [c]; RPTL 702 [2]; *Matter of Hall v Board of Assessors*, 60 AD3d at 854; *Matter of Laurel Hill Farms, Inc. v Board of Assessors of Nassau County*, 51 AD3d at 795).

The plaintiff's contention that the Town's motion for summary judgment was premature is without merit, as it failed to demonstrate how discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the Town (*see* CPLR 3212 [f]; *Rungoo v Leary*, 110 AD3d 781, 783 [2013]; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]).

Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint.

With respect to that branch of the plaintiff's cross motion which was for leave to amend the complaint, applications for leave to amend pleadings should be freely granted except when the delay in seeking leave would directly cause undue prejudice or surprise the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit (CPLR 3025 [b]; *see Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc.*, 139 AD3d 665 [2016]; *Edwards v 1234 Pac. Mgt., LLC*, 139 AD3d 658 [2016]; *Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *Lucido v Mancuso*, 49 AD3d 220, 222, 227 [2008]). Here, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for leave to amend the complaint, since the proposed amendments were patently devoid of merit.

Finally, the Supreme Court properly denied that branch of the plaintiff's cross motion which was, in the alternative, to enforce the alleged settlement agreement, as the stipulation of settlement was never approved by the Town Board and, therefore, never became binding upon the Town (*see* Town Law § 68; *Matter of Par Bldrs. v Assessor of Town of Orangetown*, 234 AD2d 374, 375 [1996]; *Walentas v New York City Dept. of Ports*, 167 AD2d 211, 211-212 [1990]; *cf. JRP Old Riverhead Ltd. v Town of Southampton*, 44 AD3d 905, 909 [2007]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.