Matter of 9 Orchard Partners, LLC v New York City Dept. of Fin. (2022 NY Slip Op 02614)

Matter of 9 Orchard Partners, LLC v New York City Dept. of Fin.

2022 NY Slip Op 02614

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 153784/19 Appeal No. 15591 Case No. 2020-03709, 2021-02771 

[*1]In the Matter of 9 Orchard Partners, LLC, Petitioner-Appellant,
v
The New York City Department of Finance, Respondent-Respondent. 

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Michael E. Fleiss of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Paul J. DeSena of counsel), for respondent.

Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 21, 2020, denying the petition to annul respondent's determination of the assessed value of petitioner's real property for the tax years 2015—2016 through 2018—2019
and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In 2014, petitioner, the developer of the real property at 9 Orchard Street, applied for post-construction real estate tax abatements under New York City's Industrial and Commercial Abatement Program (ICAP), which provides for a 10-year abatement of post-construction real estate taxes to owners of industrial or commercial properties who improve those properties or construct new buildings. The calculation of the abatement is based in part upon the assessed value of the property during the relevant period. The assessed value, in turn, is based in part upon a determination of the amount of "physical increase" to the assessed value of the property resulting from the construction or renovation.
On August 30, 2018, petitioner filed a Request for Administrative Review seeking an increase in the physical assessment of the property valuations for tax years 2015— 2016 through 2018—2019 based on "an error in description." Respondent denied the request in a letter dated December 12, 2018, finding that the issue raised in the request was not due to "a clerical error or an error in description."
In April 2019, petitioner commenced this article 78 proceeding, arguing that an insufficient physical increase was assessed on the property during the relevant years, which led to an undervaluation of the property and lower ICAP abatements. The court denied the petition and dismissed the proceeding on the ground that petitioner was required to pursue its challenges to the individual real property tax valuations in Real Property Tax Law (RPTL) article 7 proceedings, rather than in a CPLR article 78 proceeding.
We agree and affirm the court's holding. Article 7 of the RPTL "is the exclusive avenue for judicial review of real property tax assessments 'unless otherwise provided by law'" (City of Mount Vernon v State Bd. of Equalization & Assessment, 44 NY2d 960, 962 [1978]), quoting RPTL § 700). The law is well settled that questions of property valuation, whether they be of overvaluation or undervaluation, are under the exclusive province of article 7 of the RPTL (see City of Mount Vernon, 44 NY2d at 962 ["[a]ll errors of undervaluation, or even overvaluation" are cognizable only under article 7 of the RPTL]; Joon Mgmt. One Corp. v Town of Ramapo, 142 AD3d 587, 588 [2nd Dept 2016] [same]; Tricarico v Cty. of Nassau, 120 AD3d 658, 660 [2d Dept 2014] [same]; 22 Park Place Coop., Inc. v Board of Assessors, 102 AD2d 893, 893 [2d Dept 1984] [same]). Here, the gravamen of the petition is that the valuations of the subject property during the period at issue were too low, resulting in an insufficient real property tax abatement under [*2]the ICAP program. As a result, because the central question is one of valuation of the subject property, petitioner's challenge must be brought in an article 7 proceeding.
Petitioner's assertion that its challenge to the assessment of the subject property does not fall within the purview of RPTL article 7 because it has not sought to challenge the property tax assessment on the ground that it is "excessive, unequal or unlawful, or that the property has been misclassified" (RPTL § 706[1]), is unavailing. As noted, the Court of Appeals has already held that questions of property valuation, including both overvaluation and undervaluation, are within the exclusive purview of article 7 of the RPTL (City of Mount Vernon, 44 NY2d at 962), and we do not find any basis to hold otherwise here.
Similarly, in Kraebel v New York City Dept. of Fin. (217 AD2d 416 [1st Dept 1995]), this Court found that the petitioner, a participant in the J-51 program, was required to proceed under RPTL article 7 and not CPLR article 78 because the petition was seeking a reduction of the tax assessment on petitioner's property. Specifically, we held that the "[p]etitioner's claim that respondent's assessment methods understate the exemptions he is entitled to under the J-51 program is not a challenge to the method employed in the assessment of several properties, but rather to an overassessment of a specific property that necessarily involved the mental observations and judgment of individual assessors in placing a value on petitioner's improvement costs" (Kraebel, 217 AD2d at 416). As the petitioner's challenge to the assessment of the property at issue involved the valuation of the property, which was receiving J-51 tax abatement benefits, the petitioner was required to proceed under article 7 of the RPTL.
Moreover, other courts in this state have specifically held that denial of participation in, or benefits under, the ICAP program, as well as under similar abatement programs, are exclusively reviewable under article 7 of the RPTL, and these holdings have not been disturbed (see 1688 Rojav Realty LLC v Frankel, 32 Misc 3d 1247(A), 2011 NY Slip Op 51739[U], *2 [Sup Ct, New York County 2011]; NYCTL 2011- A Tr. v 816 Crossbay LLC, 42 Misc 3d 1203(A), 2013 NY Slip Op 52179[U], *3 [Sup Ct, Queens County 2013]).
Finally, this proceeding must be dismissed on policy grounds. Allowing questions of property valuation to be adjudicated outside of article 7's purview would have wide and damaging effects on article 7's exclusivity provisions and on the finality of property tax assessments, and would also lead to inconsistent outcomes and forum shopping.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022